UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M SWISHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-708-DRL-MGG |
| PAYNE, K MILLER, HAMRICK, | |
| Defendants. | |

## OPINION & ORDER

Christopher M. Swisher, a prisoner without a lawyer, filed this action under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Swisher complains about the conditions of confinement in the administrative segregation unit at Miami Correctional Facility (MCF). He claims that for several days in early August 2020, his cell had urine and feces all over the floor after other inmates flooded the unit. He asked correctional staff to allow him to clean it up, but they told him "it would have to wait." He further claims that the day room in the unit has trash, urine, and feces on the floor and has a very bad smell. He further claims that he has not been

given adequate food, and instead is given only "3 cold sacks a day," such that he is "always hungry." He further states that he has not been given adequate mental health treatment while on the unit. He told Mr. Hamrick, the unit caseworker, that he was feeling so bad he had thoughts of suicide. Mr. Hamrick allegedly responded, "[D]on't tell me just do it." ECF 1 at 3.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Mr. Swisher the inferences to which he is entitled at this stage, he has alleged a plausible claim that he has been denied the minimal civilized measure of life's necessities since being transferred to the administrative segregation unit. On the subjective prong, he names Warden Payne, Unit Team Manager K. Miller, and Mr.

2

Hamrick as defendants. However, there is no indication from the complaint that the Warden or Unit Team Manager Miller were personally involved in these events or that they were personally aware of the conditions in Mr. Swisher's cell or the food he is being served. There is no general *respondeat superior* liability under section 1983, and they cannot be held liable for money damages solely because they oversee operations in the prison. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *George v. Swisher*, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Swisher thus cannot proceed against these individuals for monetary damages. Nevertheless, he also seeks injunctive relief, and the Warden in his official capacity is an appropriate person to ensure that Mr. Swisher is given adequate food and a sanitary living environment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). As for Mr. Hamrick, Mr. Swisher plausibly alleges that he deliberately turned a blind eye to Mr. Swisher's need for mental health treatment.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Payne in his official capacity for injunctive relief to provide the plaintiff with adequate meals and sanitary living conditions in the administrative segregation unit as required by the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Mr. Hamrick in his individual capacity for money damages for deliberate indifference to the plaintiff's mental health needs;

(3) DISMISSES all other claims;

(4) DISMISSES K. Miller as a defendant;

(5) DIRECTS the clerk to send a Waiver of Service request to (and if necessary, the United States Marshals Service to serve process on) Warden Payne and Mr. Hamrick, along with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Payne and Mr. Hamrick respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 24, 2020             *s/ Damon R. Leichty*
                                           Judge, United States District Court