UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M SWISHER,

        Plaintiff,

    v.                                      CAUSE NO. 3:20-CV-708-DRL-MGG

PAYNE *et al.*,

        Defendants.

OPINION & ORDER

Christopher M. Swisher, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

As with his original complaint, Mr. Swisher complains about the conditions of confinement in the administrative segregation unit at Miami Correctional Facility (MCF). He claims that for several days in early August 2020, his cell had urine and feces all over the floor after other inmates blocked their toilets and flooded the unit. He asked correctional staff to allow him to clean it up, but they told him "it would have to wait." This happened again in late August 2020, and he complained to Sergeant Roberts that he

had urine and feces in his cell. She allegedly refused to give him any cleaning supplies or to take any steps to have the unit cleaned. Instead she walked out of the unit allegedly stating, "Fuck Y'all." He also claims that he is only allowed to shower every five days and that this restriction, coupled with the unsanitary condition of his cell, has caused him to smell like a "sour catfish." He claims that he complained about the lack of showers to Sergeant Roberts but she told him this was "personal problem." He claims that he has not been given adequate food, and is given only "3 cold sacks a day," as a result of which he is "always hungry." He complained to Lieutenant Morgan about the lack of adequate food, but he allegedly stated he was just following orders. He also states that prison staff have covered over the windows in his cell, and that he has no working lights, such that his cell is unduly dark. He further states that he has not been given adequate mental health treatment while on the unit. He told Mr. Hamrick, the unit caseworker, that he was feeling so bad he had thoughts of suicide. Mr. Hamrick allegedly responded, "[D]on't tell me just do it."

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are

2

entitled to adequate food, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Mr. Swisher the inferences to which he is entitled at this stage, he has alleged a plausible claim that he has been denied the minimal civilized measure of life's necessities since being transferred to the administrative segregation unit. On the subjective prong, he names as defendants Warden Payne; K. Miller, the unit team manager; Mr. Hamrick; Sergeant Roberts; and Lieutenant Morgan. There is no factual content from which it can be plausibly inferred that the Warden or the Unit Team Manager were personally involved in these events or that they were personally aware of the conditions in Mr. Swisher's cell, or the lack of adequate showers, food, or lighting.[1] There is no general *respondeat superior* liability under section 1983, and they cannot be held liable for money damages solely because they oversee operations in the prison. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *George v. Swisher*, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Swisher thus cannot proceed against these individuals for monetary

---

[1] To the extent Mr. Swisher alleges that the Warden was the individual who adopted the policy of providing cold sack meals to inmates, the Eighth Amendment does not guarantee inmates food that is hot or "even appetizing." *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). The court finds no factual content in the complaint to plausibly infer that the Warden had personal knowledge that Mr. Swisher was being given an inadequate amount of food, such that he could be held liable for monetary damages. He likewise claims that the Warden gave a directive that no showers were to occur after 9 p.m., but the court cannot plausibly infer from this allegation that the Warden knew Mr. Swisher was only being given one shower every five days.

damages. Nevertheless, he also seeks injunctive relief, and the Warden in his official capacity is an appropriate person to ensure that Mr. Swisher is given adequate food and a sanitary living environment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). As for Mr. Hamrick, Sergeant Roberts, and Lieutenant Morgan, Mr. Swisher plausibly alleges that they deliberately turned a blind eye to Mr. Swisher's need for adequate mental health treatment, sanitation, hygiene, and food, so he may proceed on a claim for monetary damages against these defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Payne in his official capacity for injunctive relief to provide the plaintiff with adequate meals, showers, lighting, mental health treatment, and sanitary living conditions as required by the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Mr. Hamrick in his individual capacity for money damages for deliberate indifference to the plaintiff's mental health needs;

(3) GRANTS the plaintiff leave to proceed against Sergeant Roberts in her individual capacity for money damages for deliberate indifference to the plaintiff's right to adequate hygiene and sanitation;

(4) GRANTS the plaintiff leave to proceed against Lieutenant Morgan in his individual capacity for money damages for deliberate indifference to the plaintiff's right to adequate food;

(5) DISMISSES all other claims;

(6) DISMISSES Unit Team Manager K. Miller as a defendant;

(7) DIRECTS the clerk to send a Waiver of Service request to (and if necessary, the United States Marshals Service to serve process on) Warden Payne, Mr. Hamrick, Sergeant Roberts, and Lieutenant Morgan, along with a copy of this order and the amended complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent such information is available;

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Payne, Mr. Hamrick, Sergeant Roberts, and Lieutenant Morgan respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 28, 2020                    *s/ Damon R. Leichty*
                                     Judge, United States District Court