UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. SWISHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-708-DRL-MGG |
| PAYNE, HAMRICK, ROBERTS, MORGAN, | |
| Defendants. | |

OPINION AND ORDER

Christopher Swisher, a prisoner without a lawyer, filed this action under 42 U.S.C. § 1983. He was granted leave to proceed on a claim against four defendants for denying him adequate meals, showers, lighting, mental health treatment, and sanitary living conditions while he was housed in the administrative segregation unit at Miami Correctional Facility ("MCF") in August 2020. Defendants move for summary judgment on the ground that Mr. Swisher did not exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine dispute of material fact exists, the court must "consider all of the evidence in the record in the light most favorable to the non-moving party,

and . . . draw all reasonable inferences from that evidence" in that party's favor. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (citation omitted).

Mr. Swisher was notified of the motion[1] and granted an extension of time until February 12, 2021 to respond to it. That deadline has passed and no response has been filed. Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that the defendant has the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The purpose of the exhaustion requirement is "to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must

---

[1] Mr. Swisher received the notice required by N.D. Ind. L.R. 56-l(f). (ECF 24.)

2

file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*. at 1024.

At all relevant times, MCF had a grievance process in place, which consists of three steps: (1) a formal grievance; (2) a written appeal to the warden or his designee; and (3) a written appeal to the Indiana Department of Correction grievance manager. (ECF 22–2 at 3.) Inmates are made aware of the policy at the time of their arrival at MCF, and the policy is also available in the prison law library. (ECF 22-1 ¶ 11.)

Official grievance records reflect that Mr. Swisher filed 16 formal grievances on a variety of issues between May 2019 and October 2020. (ECF 22-3.) As is relevant to this case, he filed a grievance on August 13, 2020, complaining that on August 6, 2020 he was placed in a cell in the segregation unit that had urine and feces in it, and that he was not being given adequate cleaning supplies. (ECF 22-4 at 4.) The grievance was received and investigated by the grievance specialist. On September 22, 2020, she provided a response stating that all cells are inspected prior to a new inmate's arrival, and that inmates are given the opportunity to clean their cells twice a week. (ECF 22-4 at 2.) Mr. Swisher signed the response on September 24, 2020, and checked the box marked "disagree." (*Id*.) There is no record of him having completed either level of appeal as to this grievance.

On August 14, 2020, he filed a grievance complaining that he was not getting hot meals, and instead was getting only cold sack lunches.[2] (ECF 22-5 at 4.) This grievance was also received and investigated by the grievance specialist. On September 22, 2020, she responded that his unit was on lockdown and therefore hot meals would only be served once every seven days. (ECF 22-5 at 2.) Mr. Swisher signed the response on September 24, 2020, and checked the box marked "disagree." (*Id.*) There is no record of him having completed either level of appeal as to this grievance. He filed this lawsuit on August 20, 2020, before he received the grievance responses.

As outlined above, the official grievance process contains three steps: (1) a formal grievance; (2) an appeal to the warden; and (3) an appeal to the grievance manager. There is no indication from the record that Mr. Swisher filed any grievance or appeal related to showers, lighting, or mental health treatment. Although he filed grievances pertaining to the adequacy of his meals and the cleanliness of his cell, he filed this lawsuit before even receiving responses to his grievances. This does not comport with the PLRA. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("exhaustion must precede litigation"); *Perez v. Wisconsin Dep't of Corr.* 182 F.3d 532, 535 (7th Cir. 1999) (exhaustion is a "precondition to suit"). Additionally, he did not pursue either level of appeal, even though he was clearly dissatisfied with the grievance responses. Grievance records reflect that he filed appeals of other grievances around this period and was thus aware of the appeal process. (ECF

---

[2] As the court noted in the screening order, the Eighth Amendment does not entitle inmates to hot food. *Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994); *Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981). The court read the complaint to allege that Mr. Swisher was receiving an inadequate amount of food, because the sack lunches left him hungry. For purposes of this opinion, the court will presume his grievance encompassed such a claim.

4

22-3.) Therefore, he did not exhaust his available administrative remedies before filing suit.

For these reasons, the motion for summary judgment (ECF 22) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). The clerk is DIRECTED to close this case.

SO ORDERED.

March 15, 2021

*s/ Damon R. Leichty*
Judge, United States District Court